OPINION
Appellant Robert Norris appeals a judgment of the Stark County Common Pleas Court dismissing his declaratory judgment action against appellees Robert Horowitz, Stark County Prosecutor, and Betty Montgomery, Ohio Attorney General:
ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR I
 WHETHER THE TRIAL COURT ERRED, THEREBY VIOLATING PLAINTIFF'S PROCEDURAL DUE PROCESS RIGHTS' WHEN IT DISMISSED THE PROCEEDING FOR FAILING TO STATE A CLAIM ON WHICH RELIEF COULD BE GRANTED, WHERE, THE SUPPORTIVE DOCUMENTS, EXHIBITS AND AFFIDAVITS, `ON THEIR FACE' PRESENTED A PRIMA FACIE CASE FOR RELIEF.
ASSIGNMENT OF ERROR NO. 2
 WHETHER THE `NOTICE AND JURY TRIAL GUARANTEES' OF THE FEDERAL CONSTITUTION'S SIXTH AMENDMENT PROHIBITS A TRIAL COURT FROM ASSESSING FACTS OTHER THAN A PRIOR CONVICTION WHICH ARE USED TO INCREASE THE THE [SIC] PRESCRIBED RANGE OF PENALTY FOR AN OFFENSE BEYOND THE STATUTORY MAXIMUM, WHERE SUCH FACTS WERE NOT CHARGED ON THE INDICTMENT — SUBMITTED TO A JURY — OR PROVEN BEYOND A REASONABLE DOUBT.
In 1993, appellant was convicted of two counts of rape and one count of kidnaping. He was sentenced to an indeterminate term of incarceration of 15 to 25 years on each count, to be served consecutively. The judgment of conviction and sentence was affirmed on appeal.
Appellant filed his first petition for post-conviction relief on December 2, 1996, seeking to vacate the conviction and sentence. This petition was dismissed on November 18, 1999. Appellant also sought relief from his conviction through federal court, filing a petition for a writ of habeas corpus with the United States District Court of the Southern District of Ohio.
Beginning in 1994, appellant has filed numerous other actions, including writs of mandamus, and petitions for post-conviction relief. On May 25, 2001, appellant filed the instant action seeking declaratory judgment on a number of constitutional issues related to his sentencing. On July 27, 2001, appellee filed a motion to dismiss the complaint for failure to state a claim upon which relief could be granted. The common pleas court granted this motion, dismissing the complaint.
 I
Appellant argues that the court erred in dismissing his complaint, where it facially presented a prima facie case for relief. Although appellant has labeled his action as one for declaratory judgment, the complaint is in fact a petition for post-conviction relief. R.C. 2953.21
provides that a petition for post-conviction relief is the exclusive remedy by which a person may bring a collateral challenge to the validity of a conviction or sentence in a criminal case. R.C. 2953.21 (J). Similarly, the Ohio Supreme Court has held where a defendant, subsequent to his direct appeal, files a pleading seeking vacation or correction of his sentence on the basis that his constitutional rights have been violated, such a motion is a petition for post-conviction relief as defined in R.C. 2953.21. State v. Reynolds (1997), 79 Ohio St.3d 158, syllabus.
A petition for post-conviction relief shall be filed within 180 days of the filing of the trial transcript. R.C. 2953.21 (A)(2). Pursuant to this statute, appellant's petition was not timely filed. R.C. 2953.23
permits a petition to be filed outside the time limits, if certain requirements are met by the petitioner. However, appellant has not met any of the requirements set forth in this statute.
Further, the doctrine of res judicata bars a convicted defendant from raising any defense or lack of due process which had been raised or could have been raised at trial, or on direct appeal from the judgment of conviction. State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus. With the exception of the sexual offense designation law, all issues addressed in appellant's complaint could have been addressed in his original appeal, or on prior attempts to obtain post-conviction relief. Appellant has not yet been designated as any type of sexual offender under the guidelines of R.C. Chapter 2950, and any claim under that statute is therefore premature.
The court did not err in treating appellant's petition as an untimely filed motion for post-conviction relief, and dismissing his complaint.
The first assignment of error is overruled.
 II
Appellant argues that the notice and jury trial guarantees prohibit the trial court from using facts other than a prior conviction to increase the sentence, where such facts were not charged in the indictment or submitted to a jury. As stated in Assignment of Error I, this claim is a collateral attack on appellant's sentence, and therefore is a petition for post-conviction relief. As discussed earlier, his petition was not timely filed.
The second assignment of error is overruled.
The judgment of the Stark County Common Pleas Court is affirmed.
By GWIN, J., HOFFMAN, P.J., and EDWARDS, J., concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Common Pleas Court is affirmed. Costs to appellant.